UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PATRICIA FONDELHEIT,** | : | **CIVIL ACTION NO.:** |
| Plaintiff | : | **3:23-cv-00237 (VLB)** |
| | : | |
| v. | : | |
| | : | |
| **EARTH RETENTION SYSTEMS LLC,** | : | |
| and **TERRY CHAPPELL,** | : | |
| Defendants | : | **OCTOBER 12, 2023** |

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiffs and Defendants, through their undersigned counsel, jointly move the Court to approve the settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA") pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). For the reasons set forth herein, the Court should approve this settlement as a fair and reasonable compromise of this FLSA action. A copy of the proposed FLSA settlement agreement is attached hereto.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed this case in February 2023. Plaintiff's federal court complaint includes (a) claims under the FLSA and the Connecticut Minimum Wage Act ("CMWA") for alleged unpaid overtime as well as (b) other state law claims alleging that Defendants retaliated against Plaintiff and terminated her employment for illegal reasons. Separately, Plaintiff filed a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities and the EEOC alleging discrimination and retaliation. Plaintiff's charge of discrimination remains pending at the CHRO and EEOC. Defendants deny that they have violated any of the laws as alleged by Plaintiff in her federal court Complaint or in the charge of discrimination that Plaintiff filed with the CHRO and EEOC.

As it relates specifically to Plaintiff's FLSA claims, Defendants deny all of Plaintiff's allegations and specifically deny that Plaintiff was misclassified as an exempt employee and that Plaintiff earned overtime compensation while employed with Defendant Earth Retention Systems LLC. Defendant Chappell further denies that he is individually liable for any alleged FLSA or CMWA violation. Defendants state that Plaintiff was fully compensated for all hours worked in compliance with applicable laws, rules, and regulation, including, but not limited to the FLSA and CMWA.

After conferring for purposes of Rule 26(f), the parties engaged in discovery, including the following: (a) the parties provided responses and produced documents in accordance with the Court's Initial Discovery Protocols Order, and then supplemented their discovery production; (b) Plaintiff's counsel prepared and served two comprehensive sets of interrogatories and requests for production upon Defendants. There has been no determination on the merits of Plaintiff's FLSA and CMWA claims.

After engaging in some document discovery, the parties engaged in direct settlement negotiations. Through arm's length negotiations between experienced counsel, and to avoid further costs and uncertainty associated with litigation, the parties agreed upon settlement terms and reported the matter as settled to the Court. Judge Bryant then referred the case to Magistrate Judge Vatti for a recommended ruling on the approval of the settlement of Plaintiff's claims under the FLSA.

The parties reached an agreement to resolve all of Plaintiff's claims, but the Court's approval is only required with respect to the settlement of Plaintiff's claims under the FLSA. Accordingly, the parties have entered into a bifurcated settlement through two settlement agreements: one settlement agreement limited to the settlement of Plaintiff's FLSA and CMWA

claims ("FLSA and CMWA Agreement"), and a separate confidential agreement. The separate confidential agreement expressly <u>does not</u> include a release or waiver of any of Plaintiff's claims under the FLSA. When a case involves both FLSA and non-FLSA claims, it is permissible for the parties to enter into bifurcated settlement agreements and for the Court to approve the settlement agreement limited to the FLSA claims. See *Shavis v. Pay-O-Matic Check Cashing Corp.*, No. 19-CV-484, 2019 U.S. Dist. LEXIS 143911 *4 & fn. 1 (E.D.N.Y. Aug. 22, 2019)(and cases cited therein); *Pavone v. Diesel U.S.A., Inc.*, No. 21 Civ. 5219, 2022 U.S. Dist. LEXIS 36706 *4-5 (Mar. 2, 2022)(and cases cited therein)(court review and approval of separate confidential agreement related to separate discrimination claims not required). Court approval is only required with respect to the settlement of Plaintiff's FLSA claims as the separate confidential agreement explicitly does not include a release or waiver of any of Plaintiff's claims under the FLSA. Rather, those claims are being waived by virtue of the agreement that the parties have submitted for the Court's review and approval.

## THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), provides that stipulated dismissals settling FLSA claims with prejudice require the approval of a United States District Court or the Department of Labor. 796 F.3d at 200. In considering the fairness of a proposed settlement, "[t]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Siler v. Landry's Seafood House - N. Carolina, Inc.*, No. 13 Civ. 587 (RLE), 2014 WL 2945796, at *7 (S.D.N.Y. June 30, 2014) (citation omitted). Where "the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved." *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 305 (E.D.N.Y. 2015) (quoting *Siler*, 2014 WL

2945796 at *7). Courts in the Second Circuit consider the totality of the circumstances, including the following factors, when determining whether a proposed settlement is fair and reasonable:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted). The Parties believe the settlement here is fair and reasonable under these factors.

**I. The Parties' Agreement is Fair and Reasonable and Avoids Litigation Risks**

Plaintiff's possible recovery on her FLSA claims ranges from zero (Defendants' position) to approximately $43,000 in alleged unpaid overtime and liquidated damages, plus a separate amount for attorney's fees and costs (Plaintiff's position). In connection with Plaintiff's claims under the FLSA, the parties disputed whether Plaintiff was entitled to any overtime wages at all. Defendants maintained that Plaintiff was exempt under the FLSA and entitled to no additional overtime or liquidated damages. If Defendants prevailed on the issue of whether Plaintiff was exempt, then Plaintiff would not have received anything on her claims under the FLSA.

Beyond the threshold liability issue regarding whether Plaintiff was exempt from the overtime provisions of the FLSA, there were significant disputes between the parties relating to the damages that Plaintiff would be entitled to receive under the FLSA if she prevailed on the exemption issue. First, the parties disputed the number of overtime hours worked by Plaintiff.

4

Plaintiff alleged in her Complaint that she worked an average of between two to five hours per week in overtime; Defendants disputed that Plaintiff worked any overtime hours.  Second, the parties disputed the length of time for which Plaintiff could recover damages if she prevailed.  Plaintiff claimed that she should be permitted to seek damages for the three-year period before she filed her Complaint because the Defendants' violations of the FLSA were willful; Defendants denied that claim and insisted that Plaintiff was only eligible to seek damages for the two years before she filed her Complaint.  Third, the parties disputed the proper method for calculation of Plaintiff's overtime wages and the proper hourly rate at which Plaintiff's overtime hours should be calculated.  Plaintiff maintained that Plaintiff's overtime should be calculated by using the standard method of dividing her salary by 40 hours per week to arrive at a regular hourly rate and then multiplying that hourly rate by 1.5 to produce an overtime rate of pay for each hour worked in excess of forty hours per week.  Defendants, on the other hand, insisted that the fluctuating workweek ("FWW") method of overtime calculation was more appropriate.  Fourth, Plaintiff claimed liquidated damages under the FLSA, while Defendants denied that Plaintiff would receive any liquidated damages if she prevailed on liability.

The differences between Plaintiff's preferred method of calculating overtime and Defendants' preferred FWW method produce significant disparities.  Under Plaintiff's method, assuming an average of 3.5 hours of overtime per week for the three-year period, Plaintiff calculated $21,672.42 in unpaid overtime wages based on an overtime rate of pay of $46.91 per hour, plus an equivalent amount of $21,672.42 in liquidated damages.  Under Defendants' FWW method, assuming the same average of 3.5 hours of claimed overtime per week but limited to a two-year period, Defendants calculated only $4,043.26 in alleged unpaid overtime wages.  Instead of the overtime rate of $46.91 per hour used by Plaintiff, Defendants used FWW overtime rates

that were significantly less and further, under the FWW method favored by Defendants, Plaintiff would only be eligible for an additional half-time for hours worked in excess of forty instead of a full time and a half as argued by Plaintiff.

The FLSA Agreement requires Defendants to pay the total sum of $8,301.20 to resolve Plaintiff's overtime claims under the FLSA and CMWA, without any admission of liability. Ex. 1. After accounting for attorneys' fees and costs, Plaintiff will receive $6,225.90, which represents more than 100% of the overtime wages that Plaintiff would have received under Defendants' favored method of overtime calculation under the FLSA, plus some additional amount for liquidated damages. Based on Defendant's calculations under the FWW method, the $6,225.90 being paid to Plaintiff, after attorney's fees and costs, represents three years of Plaintiff's alleged unpaid overtime wages. The amount that Plaintiff is receiving after attorney's fees and costs is also approximately 14.5% of Plaintiff's best case scenario on her FLSA claims, if Plaintiff had prevailed on *every* disputed FLSA issue, including: that Plaintiff was non-exempt, that Plaintiff worked an average of 3.5 hours of overtime per week for years; that Defendants willfully violated the FLSA to allow Plaintiff to recover damages for three years before filing her Complaint; that the FWW method of overtime calculation should not be used in this case; and that Plaintiff should receive an additional amount for liquidated damages.

However, Defendants disputed every one of those issues. There has been no determination that Plaintiff was non-exempt and Defendants maintain that they have strong arguments that Plaintiff was exempt based on the allegations in the Complaint and the evidence submitted in response to the initial discovery protocols. Defendants dispute that Plaintiff worked overtime every week, yet this settlement accounts for overtime every week. Defendants also dispute Plaintiff's claim that the statute of limitations should be extended for a third year based on

willfulness and, in support of their position, Defendants contend that, given Plaintiff's role, if she felt there was an issue with her pay, she certainly had the ability and the knowledge to complain to Mr. Chappell, but never alleges that she did.  According to Defendants, that is the kind of evidence needed to support willfulness, and it is not alleged or evidenced here.  Yet, the settlement calculation used to calculate the payment of $6,225.90 to Plaintiff as part of the FLSA settlement was based on three years of overtime wages under the FWW method.

The settlement is also fair and reasonable because it will allow the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses and in light of the seriousness of the litigation risks faced by the parties.  The following findings that this Court made in recently approving the FLSA settlement in another case are fully applicable here:

> While the Court acknowledges that there was some information exchange between the parties that occurred prior to the settlement [discussions] that permitted the [discussions] to be productive and meaningful, there remained significant dispositive motion practice and discovery to be conducted, which would have created substantial burdens and expense for all parties before any resolution on the merits of this action.  The proposed settlement allows the parties to avoid such considerable expense.  Further, given the breadth of disputed issues as to liability and damages, it was apparent that the outcome on the merits was uncertain and each side faced significant risk of an adverse result.  Plaintiff risked a finding that [she] was exempt from overtime pay and therefore would have been faced with a verdict in favor of the defendants.  The Court also recognizes that, even if plaintiffs had prevailed on liability, the range of damages that potentially could be recovered was very wide and depended upon disputed issues of the appropriate measure and calculations.  On the other hand, if plaintiff prevailed, Defendant[s] also faced potential liquidated damages and liability for plaintiff's attorneys fees and costs.  The proposed settlement amount falls within a reasonable point in the range of possible outcomes in this litigation.

*Caldwell v. Antiquepurveyor.com Inc.*, No. 3:23-cv-00416 (SDV) at pp. 2-3 (D. Conn. Sept. 21, 2023).

The settlement is also fair and reasonable because it was the product of arms-length bargaining between counsel with years of experience litigating FLSA claims, and there was no fraud or collusion.

In light of the above, the Parties respectfully request that the Court find that their Agreement is a fair and reasonable compromise of a bona fide FLSA dispute.

## II. The Allocation of Attorneys' Fees and Costs is Reasonable

"Under [the] FLSA, 'a court can award attorney's fees based on either the lodestar calculation – the hourly rate times the number of hours worked – or a percentage of the settlement award.'" *Smelser v. Martin's Famous Pastry Shop*, No. 3:17-cv-01813 (MPS), 2019 WL 3006539, at *5 (D. Conn. July 10, 2019). Moreover, attorney's fees representing approximately one-third of the total settlement amounts are "generally called for by many standard contingency fee arrangements." *Labalme v. Oasis Charger Corp.,* No. 3:20CV01223(SALM), 2021 WL 6498733, at *3 (D. Conn. Aug. 20, 2021) (quoting *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 343 (S.D.N.Y. 2016)). Additionally, courts have routinely approved one-third contingency fees when they "do not favor plaintiff's counsel over plaintiff himself." *Labalme v. Oasis Charger Corp.,* No. 3:20CV01223(SALM), 2021 WL 6498733, at *3 (D. Conn. Aug. 20, 2021). The award of attorney's fees and costs is fair and reasonable in light of the result obtained and the "considerable risk" that Plaintiff's counsel undertakes by representing plaintiffs in FLSA cases on a contingency fee basis. *See, e.g.*, *Cortes v. New Creators, Inc.*, No. 15 Civ. 5680, 2016 WL 3455383, at *9 (S.D.N.Y. June 20, 2016) (noting risks associated with contingent fees in FLSA cases) (collecting cases).

The undersigned Plaintiff's counsel represents that he investigated the factual and legal issues raised in this Action, developed the claims on behalf of Plaintiff, prepared Plaintiff's

Complaint, prepared discovery disclosures and production in compliance with the Court's initial discovery protocols, reviewed Defendants' discovery productions, drafted two sets of comprehensive discovery requests to serve on Defendants; drafted damage calculations, and prepared for and engaged in settlement negotiations. Plaintiff's counsel further represents that he also devoted additional hours to negotiating the terms of the settlement agreement and in preparing the motion papers requesting approval of the settlement. Under the proposed FLSA settlement agreement, $2,075.30, or one-third of the aggregate amount of $6,225.90 being paid to Plaintiff as part of the FLSA settlement, will be paid to Plaintiff's counsel for attorney's fees and costs. The proposed amount for attorney's fees and costs as part of the FLSA settlement is fair and reasonable and should be approved.

**III.    The Agreement Satisfies All Other Factors Considered for Approval**

The terms of the Agreement are otherwise fair and reasonable. The FLSA settlement agreement includes a release that is limited to claims under the FLSA and CMWA. The FLSA settlement agreement also does not include any provisions requiring confidentiality or non-disparagement. The parties have entered into a separate confidential agreement regarding Plaintiff's non-FLSA claims, but that separate agreement expressly <u>does not</u> include any release or waiver of any of Plaintiff's claims under the FLSA. Rather, those claims are being waived by virtue of the agreement now before the Court for review and approval.

## CONCLUSION

The Parties agree that the Agreement is fair and reasonable and should be approved by the Court.

PLAINTIFF,
PATRICIA FONDELHEIT

BY: */s/ Todd Steigman*
Todd Steigman, Esq.
Madsen, Prestley & Parenteau, LLC
402 Asylum Street
Hartford, CT  06103
Tel: (860) 246-2466
Fax: (860) 246-1794
Email: TSteigman@mppjustice.com
Federal Bar #ct26875
HIS ATTORNEY


DEFENDANTS,
EARTH RETENTION SYSTEMS LLC
and TERRY CHAPPELL

By: */s/ Allison P. Dearington*
Allison P. Dearington (ct29277)
allison.dearington@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Allison P. Dearington*
Allison P. Dearington