UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PATRICIA FONDELHEIT,                                             :
:
*Plaintiff*,                                                     :
:
v.                                                               :     No. 3:23-CV-237 (SDV)
:
EARTH RETENTION SYSTEMS, LLC AND                                 :
TERRY CHAPPELL                                                   :
:
*Defendants*.                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER

      The parties' Joint Motion to Approve FLSA Settlement [ECF No. 30] is GRANTED for the reasons set forth below. Plaintiff filed this case in February 2023 and her complaint set forth claims, among others, under the Fair Labor Standards Act ("FLSA") and Connecticut Minimum Wage Act ("CMWA") for alleged unpaid overtime and state law claims for wrongful retaliation and unlawful termination of employment. Following some document discovery, the parties engaged in direct settlement negotiations and reached a settlement of all claims, including the FLSA/CMWA claim. In doing so, the parties entered into a bifurcated settlement through two separate settlement agreements, one limited to the terms of the settlement of the FLSA/CMWA claim and another confidential agreement addressed to the retaliation and wrongful termination claims.[1] Because a settlement of an FLSA action is not effective unless it is approved by a district court "district courts in this Circuit routinely review FLSA settlements for fairness before

---

[1] The Court's review was limited to the settlement agreement directed to the FLSA/CMWA claims.

approving any stipulated dismissal." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599-600 (2d Cir. 2020). Where an FLSA settlement is deemed "fair and reasonable" by the Court, it should receive judicial approval. *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

On October 12, 2023, the parties filed a motion and notice of consent [ECF No. 29] to have all further proceedings in this matter to be conducted by the undersigned, which was approved by Hon. Vanessa L. Bryant. [ECF No. 31, 33]. On October 12, 2023, the parties filed their joint motion for approval of the settlement agreement. ECF No. 30. Accordingly, the Court held a hearing on this motion on October 20, 2023. During the hearing, the Court asked the parties to address: (1) the plaintiffs' potential range of recovery; (2) the extent to which the settlement will allow the parties to avoid the burdens and expenses of litigation; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement is the product of arms-length bargaining between experienced counsel; and (5) the possibility of any fraud or collusion, all of which the parties also addressed in their joint motion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on the parties' arguments and the Court's review of the pleadings on the docket, the Court makes the following findings.

Here, the parties, represented by counsel well-versed in FLSA matters, vigorously contested multiple issues relating to liability and calculation of potential damages. After engaging in litigation at the administrative level and in federal court, including conducting document discovery, the parties engaged each other in negotiations culminating in a settlement agreement. Accordingly, the Court finds that the Settlement Agreement of the FLSA/CMWA claims is the product of arms-length bargaining between experienced counsel and there is no reason to believe that the settlement is the product of fraud or collusion by the parties.

While the Court acknowledges that there was some document discovery conducted between the parties prior to reaching a settlement, there remained significant dispositive motion practice and discovery to be conducted, which would have created substantial burdens and expense for all parties before any resolution on the merits of this action.  The proposed settlement allows the parties to avoid considerable expense.  Further, given the breadth of disputed issues as to liability and damages, it was apparent that the outcome on the merits was uncertain and each side faced significant risk of an adverse result.  Plaintiff risked a finding that he was exempt from overtime pay and therefore would have been faced with a verdict in favor of the defendants and no recovery at all.  The Court also recognizes that, even if plaintiffs had prevailed on liability, the range of damages that potentially could be recovered was very wide and depended upon disputed issues of the appropriate time period, measure and calculations.  Plaintiff sought an amount of approximately $21,672.00 and defendant argued that, even if liability were found, plaintiff's damages were no more than roughly $4,043.00.  On the other hand, if plaintiff prevailed, defendant also faced potential liquidated damages and liability for plaintiff's attorneys fees and costs.  The proposed settlement amount falls within a reasonable point in the range of possible outcomes in this litigation.  Indeed, the Court notes that even after attorneys' fees and costs, plaintiff will still net an amount significantly greater than 100% of the overtime wages plaintiff would have received under defendant's preferred method of calculation.  Lastly, the Settlement Agreement does not contain any confidentiality clause and, accordingly, there is nothing in the agreement that prevents plaintiff from speaking truthfully about the experience in litigating this matter in order to further the protective purposes of the FLSA.

Likewise, the proposed attorneys' fees and reimbursement of costs included in the Settlement Agreement are reasonable.  Reasonable compensation for attorneys who bring actions

to secure wage and hour rights, disputed as they may be, advances the protective and remedial purposes of the FLSA.  *See Aros v. United Rentals, Inc.*, No. 310CV73(JCH), 2012 WL 3060470, at *4 (D. Conn. July 26, 2012).  Here, plaintiffs' counsel spent significant time in the investigation of the claims brought, in initiating this lawsuit, gathered information critical in advancing this matter and expended further time and effort in negotiating and seeking approval for the settlement agreement.  The proposed fees and costs totaling $2,075.30 to plaintiff's counsel is eminently fair and reasonable.

In short, after considering the parties' arguments and all relevant factors, the Court finds that the settlement that has been reached is a fair and reasonable resolution of a *bona fide* dispute. Therefore, the settlement of the parties in the Settlement Agreement is hereby APPROVED and the terms of the parties' Settlement Agreement are hereby incorporated into this Order. Payment is to be made by defendants to plaintiff and plaintiff's counsel in accordance with the Settlement Agreement. This case is DISMISSED WITH PREJUDICE.

The Court RETAINS JURISDICTION over this matter for the purposes of enforcing the terms of the parties' Settlement Agreement.

SO ORDERED this 30th day of October, 2023.

                                                     */s/ S. Dave Vatti*
                                      The Honorable S. Dave Vatti
                                      United States Magistrate Judge